United States District Court
Southern District of Texas
**ENTERED**
December 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JULIO FONSECA and MARIA A. FONSECA, § § § | |
| Plaintiffs, § § | |
| VS. § | CIVIL ACTION NO. 7:20-cv-00358 |
| § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, § § § § | |
| Defendant. § | |

## OPINION AND ORDER

The Court now considers "Defendant Allstate Texas Lloyd's [sic] Motion for Partial Dismissal Under Rule [sic] 9(b) and 12(b)(6),"[1] Plaintiffs' response,[2] and Defendant's reply.[3] Six days after Defendant's reply, Plaintiffs filed a "Reply to Defendant's Reply"[4] without seeking leave of Court. This Court's Local Rules do not contemplate such a filing and Plaintiffs are not entitled to additional bites at the apple.[5] Accordingly, the Court **STRIKES** Plaintiffs' surresponse from the Court's docket and will not consider the brief except for the limited purpose described *infra*. After considering the motion, record, and relevant authorities, the Court **GRANTS** Defendant's motion.

---

[1] Dkt. No. 2.
[2] Dkt. No. 8.
[3] Dkt. No. 9.
[4] Dkt. No. 11.
[5] *See* LR7.4.

## I. BACKGROUND AND PROCEDURAL HISTORY

This is an insurance dispute. On or about June 20, 2018, Plaintiffs allege that a "very heavy rainstorm" damaged buildings in the lower Rio Grande Valley, including Plaintiffs' home.[6] Plaintiffs allege that their home was damaged again by a heavy rainstorm on June 24, 2019.[7] Defendant Allstate Vehicle and Property Insurance Company denied Plaintiffs' 2018 and 2019 insurance claims arising from both of these events.[8] Plaintiffs claim that Defendant breached the duty of good faith and fair dealing, claim that Defendant committed common law and statutory fraud, claim that Defendant breached their contracts, and claim that Defendant violated the Texas Deceptive Trade Practices Act.[9]

Plaintiffs originally filed in state court on July 17, 2020.[10] Plaintiffs served process via certified mail on October 13, 2020.[11] Defendant removed to this Court on November 6, 2020, on the basis of diversity jurisdiction.[12] That same day, Defendant filed the instant motion to dismiss, seeking dismissal of only Plaintiffs' common law and statutory fraud claim and claim under the Texas Deceptive Trade Practices-Consumer Protection Act.[13] Plaintiffs timely responded[14] and Defendant's motion is ripe for consideration.

## II. DISCUSSION

### a. Jurisdiction

---

[6] Dkt. No. 1-2 at 3, ¶ B.
[7] *Id.* ¶ E.
[8] *Id.* at 3–4, ¶¶ C, F.
[9] *Id.* at 4–5, ¶¶ A–D.
[10] Dkt. No. 1-2.
[11] Dkt. No. 1-3 at 1.
[12] Dkt. No. 1.
[13] Dkt. No. 2.
[14] Dkt. No. 8.

This Court has jurisdiction under 28 U.S.C. § 1332. Plaintiffs reside in Hidalgo County, Texas.[15] "Evidence of a person's place of residence . . . is prima facie proof of his domicile" for citizenship purposes.[16] Defendant Allstate "is an Illinois corporation with its principle place of business in Cook County, in Illinois."[17] Accordingly, the parties are diverse in citizenship.

Plaintiffs seek $116,000 in actual damages.[18] Therefore, it is "facially apparent"[19] that Plaintiffs' claims are for more than the jurisdictional threshold of $75,000 set by 28 U.S.C. § 1332(a). Accordingly, the Court agrees with Defendant that jurisdiction is proper in this Court.[20]

### b. Legal Standards for the Motion for Partial Dismissal

"A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts."[21] Under Federal Rule of Civil Procedure 12(b)(6), to avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[22] The Court reads the complaint as a whole[23] and accepts all well-pleaded facts as true (even if doubtful or suspect[24]) and views those facts in the light most favorable to the plaintiff (because a

---

[15] Dkt. No. 1-2 at 1, ¶ II.
[16] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).
[17] Dkt. No. 1 at 3, ¶ 9.
[18] Dkt. No. 1-2 at 6, ¶ VII.
[19] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[20] *See* Dkt. No. 1.
[21] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quotation omitted); *see Chatham Condo. Ass'ns v. Century Vill., Inc.*, 597 F.2d 1002, 1011 (5th Cir. 1979) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)) ("The decision disposing (of) the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations, he or she would be unable to prevail.").
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[23] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011) ("While the allegations in this complaint that the Golf Association's anticompetitive acts 'substantially affected interstate commerce' are not sufficient on their own, the complaint here read as a whole goes beyond the allegations rejected in *Twombly* and *Iqbal*.").
[24] *Twombly*, 550 U.S. at 555–56.

Rule 12(b)(6) motion is viewed with disfavor[25]), but will not strain to find inferences favorable to the plaintiff,[26] but also will not indulge competing reasonable inferences that favor the Defendant.[27] A plaintiff need not plead evidence[28] or even detailed factual allegations, especially when certain information is peculiarly within the defendant's possession,[29] but must plead more than "'naked assertion[s] devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" to survive a motion to dismiss.[30] The Court is to give a liberal construction to the pleadings and disentitle Plaintiffs from offering evidence to clarify and support their theories of liability only if there is no basis for liability.[31]

In evaluating a motion to dismiss, Courts first disregard any conclusory allegations or legal conclusions[32] as not entitled to the assumption of truth,[33] and then undertake the "context-specific" task, drawing on judicial experience and common sense, of determining whether the remaining well-pled allegations give rise to entitlement to relief.[34] "A claim has facial

---

[25] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) ("This court construes facts in the light most favorable to the nonmoving party, 'as a motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted."'")).
[26] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[27] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).
[28] *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 240–41 (5th Cir. 2016).
[29] *See Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (holding that pleading "on information and belief" is acceptable when the inference of culpability is plausible).
[30] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also id.* at 679 (holding that a complaint that "do[es] not permit the court to infer more than the mere possibility of misconduct" does not suffice to state a claim).
[31] *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citation omitted) ("The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.").
[32] *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quotation omitted) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").
[33] *Mustapha v. HSBC Bank USA, NA*, No. 4:11-CV-0428, 2011 WL 5509464, at *2 (S.D. Tex. Nov. 10, 2011) (Hanks, J.) ("[A] court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").
[34] *Iqbal*, 556 U.S. at 678–79; *see also Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[35] Courts have "jettisoned the [earlier] minimum notice pleading requirement"[36] and the complaint must plead facts that "nudge" the claims "across the line from conceivable to plausible"[37] because discovery after permitting a complaint to survive a motion to dismiss is not a license to fish for a colorable claim.[38] The complaint must allege more than the sheer possibility that a defendant acted unlawfully and more than facts merely consistent with a defendant's liability;[39] the complaint must plead every material point necessary to sustain recovery and dismissal is proper if the complaint lacks a requisite allegation.[40] However, the standard is only "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."[41]

The Court is limited to assessing only the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which the Court may take judicial notice.[42] Attachments to the complaint become part of the pleadings for all purposes,[43] but the Court is not required to accept any characterization of them because the exhibit controls over contradictory assertions,[44] except in the case of affidavits.[45] Because the focus is on the

---

[35] *Iqbal*, 556 U.S. at 678.
[36] *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009).
[37] *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570).
[38] *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015); *see Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").
[39] *Covington v. City of Madisonville*, 812 F. App'x 219, 223 (5th Cir. 2020) (per curiam) (quoting *Iqbal*, 556 U.S. at 678).
[40] *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006); *accord Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).
[41] *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010))
[42] *Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018).
[43] *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing FED. R. CIV. P. 10(c)).
[44] *Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014)

pleadings, "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56,"[46] but not if the material is a matter of public record[47] or a website[48] and not if a defendant attaches documents to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to her claim."[49]

In addition, Federal Rule of Civil Procedure 9(b) requires that Plaintiffs, "[i]n alleging fraud or mistake, . . . must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b) extends to all claims or allegations in which the gravamen is fraud, even if the associated theory of liability is not technically termed fraud.[50] For example, Texas Deceptive Trade Practices-Consumer Protection Act[51] claims generally have to meet the Rule 9(b) standard.[52] "The Fifth Circuit has interpreted Federal Rule of Civil Procedure 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. In short, plaintiffs must plead enough facts to illustrate the who, what, when, where,

---

[45] *Bosarge v. Miss. Bureau of Narc.*, 796 F.3d 435, 440–41 (5th Cir. 2015) ("[W]hile the affidavits may be considered as an aid to evaluating the pleadings, they should not control to the extent that they conflict with [plaintiff's] allegations.").
[46] FED. R. CIV. P. 12(d).
[47] *Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (per curiam) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).
[48] *Hyder v. Quarterman*, No. CIV.A. C-07-291, 2007 WL 4300446, at *3 (S.D. Tex. Oct. 10, 2007) (Owsley, J.) (collecting cases).
[49] *Causey v. Sewell Cadillac–Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004).
[50] *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (Gilmore, J.) (collecting cases).
[51] TEX. BUS. & COM. CODE ANN. § 17.41 (West 2020).
[52] *Gonzalez v. State Farm Lloyds*, 326 F. Supp. 3d 346, 350 (S.D. Tex. 2017) (Alvarez, J.) (collecting cases); *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001) (Tagle, J.) (collecting cases); *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (applying Rule 9(b) to a Texas Deceptive Trade Practices Act claim); *cf. Tommaso v. State Farm Lloyds*, No. 7:15-cv-00274, 2016 WL 6883042, at *3 (S.D. Tex. Sept. 28, 2016) (Alvarez, J.) (applying Rule (b) to a Texas Insurance Code § 541.060(a)(1) claim because the claim was "ultimately grounded in fraud").

why and how of the alleged fraud."[53] This strict requirement is "a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later. [Courts] apply Rule 9(b) to fraud complaints with bite and without apology."[54] Nevertheless, "fraud may be pleaded without long or highly detailed particularity."[55] To plead a claim for fraud by misrepresentation or omission, "Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading."[56] The "particularity" required by Rule 9(b) also disallows collectivized or group allegations; Plaintiffs must delineate which Defendant is responsible for which allegedly fraudulent activity.[57] Courts will "treat a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted."[58]

### c. Analysis

Defendant argues that Plaintiffs' allegations undergirding their fraud claims and Texas Deceptive Trade Practices-Consumer Protection Act claims are conclusory and do not satisfy the fraud pleading standard.[59] Plaintiffs argue that their claims satisfy the Texas state court pleading standards,[60] and also meet the federal pleading standards.[61]

---

[53] *Schott, Tr. for Estate of InforMD, LLC v. Massengale*, No. CV 18-759-JWD-RLB, 2019 WL 4738795, at *13 (M.D. La. Sept. 27, 2019) (internal quotation marks omitted) (quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) & *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)).
[54] *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (internal quotation marks omitted).
[55] *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 632 (5th Cir. 1999).
[56] *Id.* (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006)).
[57] *Verde Minerals, LLC v. Burlington Res. Oil & Gas Co., LP*, No. CV 2:16-463, 2017 WL 9535076, at *10 (S.D. Tex. June 30, 2017) (Ramos, J.) (citing *Southland Sec. Corp. v. INSpire Ins. Sols.*, 365 F.3d 353, 365 (5th Cir. 2004)); *see Southland Sec. Corp.*, 365 F.3d at 365 (emphasis in original) (quotation omitted) (the allegations must "enlighten *each defendant* as to his or her particular part in the alleged fraud").
[58] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).
[59] Dkt. No. 2 at 4–5, ¶¶ 11–12.
[60] Dkt. No. 8 at 3–5, ¶¶ B, D ("The Defendant's Motion, which addresses only the pleading standard imposed by Rule 9(b), is insufficient to prove dismissal is required because it fails to address the relevant standard, the Texas

### 1. *What Pleading Standard Applies?*

The Court holds that federal pleading standards apply to determine Defendant's motion to dismiss. Plaintiffs cite two district court cases that appear to stand for the application of state pleading standards in determining whether a removed complaint should be dismissed.[62] However, both cases ultimately rely on *Tompkins v. Cyr*, which did not hold that state pleading standards supersede Federal Rules of Civil Procedure 8, 9, and 12 in determining the sufficiency of a complaint.[63] In any case, this issue was fully settled by *Pena v. City of Rio Grande City*, a case cited by no party, in which the Fifth Circuit held that "[u]pon removal, the federal pleading standards control."[64] In Plaintiffs' struck surresponse, Plaintiffs concede "that the Federal Pleading Standard applies."[65] Given the foregoing, the Court holds that federal pleading standards apply to Plaintiffs' complaint in determining Defendant's motion to dismiss.[66] The Court now turns to whether Plaintiffs' complaint states claims for common law and statutory fraud and for violation of the Texas Deceptive Trade Practices-Consumer Protection Act.

### 2. *Do Plaintiffs State a Claim?*

Defendant Allstate contends that Plaintiffs only allege "conclusory, generic, legal conclusions" that do not satisfy the particularity requirement of the fraud pleading standard

---

fair notice standard."). *But see* Dkt. No. 11 at 2, ¶ 3 ("Defendant has removed the case to this Court and Plaintiffs understand that the Federal Pleading Standard applies.").
[61] *Id.* at 5–8, ¶¶ F–L.
[62] Dkt. No. 8 at 5, ¶ D (citing *Mares v. Deutsche Bank Nat'l Tr. Co.*, No. 1:14-CV-263, 2015 WL 12831680, at *1 (S.D. Tex. Aug. 4, 2015) (citing *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000)) & *Kuykendahl-WP Retail I, L.P. v. Wild Oats Markets, Inc.*, No. CIV.A. H-07-4573, 2008 WL 728149, at *4 (S.D. Tex. Mar. 18, 2008) (citing *Tompkins*, 202 F.3d at 787)).
[63] *See Tompkins*, 202 F.3d at 787.
[64] 879 F.3d 613, 617 (5th Cir. 2018). The Fifth Circuit has also held that when a plaintiff's complaint or claim made in federal court would be subject to dismissal in state court because of a more stringent state pleading standard, the complaint need not necessarily be dismissed under the federal rules. *EPCO Carbon Dioxide Prod., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 n.2 (5th Cir. 2006); *accord Johnson v. Hondo, Inc.*, 125 F.3d 408, 417 (7th Cir. 1997).
[65] Dkt. No. 11 at 1–2, ¶¶ 2–3.
[66] *See Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 437 (1974) ("[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings . . . ."); *Genella v. Renaissance Media*, 115 F. App'x 650, 652–53 (5th Cir. 2004).

under Federal Rule of Civil Procedure 9(b).[67] Plaintiffs respond that they have adequately alleged Defendant's fraudulent representation by alleging Defendant's issuance of an insurance policy and thereby Defendant's representation that Plaintiffs' home and other structures were "free of roof defects" and therefore insurable, and that Defendant would honor the insurance policy and pay insurance claims caused by wind damages.[68] Plaintiffs specifically alleged in their complaint that, by issuing an insurance policy in May 2017 and again in May 2018, "Defendant expressly and/or impliedly represented to Plaintiffs that their home, other buildings and structures were insurable; otherwise, Defendants would not have issued the above-referenced insurance policies."[69] Plaintiffs do not allege in their complaint that Defendant ever represented Plaintiffs' structures were free of defects.[70]

Plaintiffs conspicuously omit any discussion of *why* the alleged representations were fraudulent.[71] Plaintiffs must "explain why the statements were fraudulent" to survive a motion to dismiss.[72] Here, Plaintiffs allege and argue only that Defendant's issuance of an insurance policy thereby represented insurability, but not *why* the alleged representation of insurability was fraudulent or otherwise a misrepresentation. Plaintiffs allege their insurance claim was denied,[73] but the mere denial of an insurance claim says nothing about the insurability of the property. For example, an automobile insurance policyholder who intentionally crashes into another motorist and subsequently submits an insurance claim for their vehicle's damages, but has that claim denied, cannot use the denial as grounds to argue that their vehicle was actually *uninsurable* ab initio as opposed to simply subject to circumstances not covered by the insurance policy.

---

[67] Dkt. No. 2 at 4–5, ¶¶ 11–12.
[68] Dkt. No. 8 at 8, ¶ L.
[69] Dkt. No. 1-2 at 2–3, ¶ A.
[70] *See id*.
[71] *See* Dkt. No. 8 at 7–8, ¶¶ K–L.
[72] *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quotation omitted).
[73] Dkt. No. 1-2 at 3, ¶ C.

Plaintiffs never allege why Defendant's alleged representation of insurability was a misrepresentation.[74] The Court finds that Plaintiffs' fail to meet the exacting standard required by Rule 9(b).

Plaintiffs also imply that Defendant's representation that it "would honor its obligations pursuant to the terms of the insurance policy or policies if a claim was submitted by Plaintiffs" amounts to fraud,[75] but "the mere failure to perform a contract is not evidence of fraud."[76] Plaintiffs never allege that Defendant never intended to perform its promises or pay any claims pursuant to the insurance policy.[77] The closest allegation is impermissibly conclusory because it alleges no facts or explanations of why the representations were fraudulent[78]:

> Defendant's expressed and/or implied representations were false, misleading, and fraudulent. Although Plaintiffs timely made their claims hereinabove set out believing that Defendant would honor and pay their claims, Defendant denied their claims. As a proximate cause or as a result of Defendant's false, misleading, and fraudulent representations and Defendant's wrongful denial of Plaintiffs' claims, Plaintiffs have been damaged . . . .[79]

The Court finds that Plaintiffs' argument and allegations again fall short of Rule 9(b).

Plaintiffs' Texas Deceptive Trade Practices-Consumer Protection Act claim fares no better. "[C]ourts . . . appear to universally apply rule 9(b) regardless of the provision [of the DTPA]."[80] Plaintiffs do not specify which provision of the DTPA Defendant allegedly violated, but Plaintiffs again make no argument beyond the insistence that Defendant represented the insurability of the property by issuing the insurance policies. Plaintiffs allege that "Defendant denied [Plaintiffs' insurance claims] on the grounds specified in a letter forwarded to Plaintiffs, a

---

[74] *See* Dkt. No. 8 at 8, ¶ L.
[75] *Id.*
[76] *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).
[77] *Compare Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434–35 (Tex. 1986) (holding that a plaintiff must show more than mere failure to perform subsequent to the defendant's promise), *with* Dkt. No. 1-2 at 2–4, ¶¶ A–F.
[78] *See supra* notes 32–33.
[79] Dkt. No. 1-2 at 5, ¶ B.
[80] *Gonzalez v. State Farm Lloyds*, 326 F. Supp. 3d 346, 350 (S.D. Tex. 2017) (Alvarez, J.).

copy of which Defendant has in its possession, which grounds, if known to Defendant before the issuance of the policies, would have been grounds not to issue the policy."[81] Plaintiffs do not attach the denial letter. Plaintiffs' reasoning seems to be that: Defendant should have known the property was uninsurable but represented that the property was insurable by issuing an insurance policy, which was a fraudulent representation. But a promise to insure the property is only "actionable fraud when made with the intention, design and purpose of deceiving, and with no intention of performing the act."[82] Plaintiffs do not allege that Defendant intended to deceive or did not intend to perform under the insurance policy.[83] And again, Plaintiffs never explain why the representation of insurability was allegedly fraudulent; indeed, Plaintiffs have not even argued or alleged that Defendant knew or should have known that their property was uninsurable.[84] Plaintiffs' speculative allegations and assertions are insufficient under the governing standard.[85]

### 3. Should Plaintiffs be Allowed to Conduct Discovery or Amend?

Plaintiffs seemingly argue that the Court should grant discovery instead of dismissing Plaintiffs' fraud claims.[86] Inadequately pled fraud claims do not open the gates of discovery to any plaintiff.[87] The Court rejects this argument.

Plaintiffs next argue that the Court should grant leave to amend instead of granting Defendant's motion for partial dismissal.[88] Plaintiffs make this argument in their response brief. "This is improper. First, requests to the Court must be made by motion, not in a response brief.

---

[81] Dkt. No. 1-2 at 6, ¶ D.
[82] *Spoljaric*, 708 S.W.2d 434.
[83] *See* Dkt. No. 1-2 at 6, ¶ D.
[84] *See id.* ("Defendant denied [the insurance claims] on the grounds specified in a letter forwarded to Plaintiffs, a copy of which Defendant has in its possession, which grounds, if known to Defendant before the issuance of the policies, would have been grounds not to issue the policy.").
[85] *See supra* notes 39–40.
[86] *See* Dkt. No. 8 at 8–9, § IV; *id.* at 10, ¶ A.
[87] *See supra* notes 37–38, 54.
[88] Dkt. No. 8 at 10–12, ¶¶ A–B (both A. and B. paragraphs).

Furthermore, the Court recently dealt with a near-identical request and held that cursory requests for leave to amend would be denied."[89] Plaintiffs offer only the argument that it would be in the interest of justice to grant them leave to amend without offering any proposed amended complaint or new allegations.[90] Plaintiffs had an opportunity to amend once as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B) but chose not to exercise the opportunity. The Court is under no obligation to permit amendment under these circumstances and accordingly **DENIES** Plaintiffs' request.[91]

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **GRANTS** Defendant Allstate's motion for partial dismissal.[92] Plaintiffs' "common law and statutory fraud claim"[93] and "Texas Deceptive Trade Practices Act claim"[94] are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 21st day of December 2020.

							_____
							Micaela Alvarez
							United States District Judge

---

[89] *Curtis v. Cerner Corp.*, 621 B.R. 141, 156 (S.D. Tex. 2020) (Alvarez, J.) (citing FED. R. CIV. P. 7(b)(1) and then *VTX Commc'ns, LLC v. AT&T Inc.*, No. 7:19-cv-269, 2020 WL 918670, at *5–6 (S.D. Tex. Feb. 26, 2020) (Alvarez, J.)
[90] *See Banik v. Tamez*, No. 7:16-cv-462, 2017 WL 2505653, at *5 (S.D. Tex. June 9, 2017) (Alvarez, J.) (holding that a plaintiff seeking to cure pleading deficiencies without a proposed amended complaint essentially asks the "Court and Defendants to do his work for him; 'figure out what is wrong with my complaint and tell me how to fix it.'").
[91] See *Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) (affirming the district court's denial of a "bare bones motion to amend").
[92] Dkt. No. 2.
[93] Dkt. No. 1-2 at 5, ¶ B.
[94] Id. at 5–6, ¶ D.